UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : No. 22-mj-53 (ZMF) |
| **STEPHON HARRIGAN** | : |
| Defendant. | : |

**MEMORANDUM
IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant Stephon Harrigan be detained pending trial pursuant to 18 U.S.C. §§ 3142 (f)(1)(E) (offense involving a firearm); (f)(2)(A) (serious risk of flight); and (d)(a)(A)(iii) (on probation or parole). The government respectfully requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**Introduction**

The defendant is charged by criminal complaint with one count of Unlawful Possession of Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1); Unlawful Possession of a Firearm (Prior Conviction), in violation of D.C. Code § 22-4503(a)(1); Carjacking, in violation of D.C. Code § 22-2803(a)(1); and Kidnapping, in violation of D.C. Code § 22-2001. At today's arraignment and initial appearance, the government intends to orally move for detention pending trial pursuant to

1

the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon further review of the Pretrial Services Agency report. Based on the defendant's conduct and characteristics, the government respectfully requests that the Court hold the defendant without bond pending trial to ensure the safety of the community.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

2

A.  **Nature and Circumstances of the Offenses Charged**

The first factor for the Court's consideration, the nature and circumstances of the offense charged, weighs in favor of detention. Over the last few months, the Federal Bureau of Investigation (FBI) and other law enforcement agencies, have been conducting a criminal investigation into individuals believed to be responsible for more than a dozen commercial armed robberies since January 1, 2022, in Washington, D.C.; Montgomery County, MD; and Prince George's County, MD. Many of these armed robberies have been linked by vehicles used during the robberies, physical characteristics of the assailants, weapons used, and surveillance videos.

Through investigation, law enforcement was able to identify a black Acura which was used in some of the armed robberies. A stolen black Acura was recovered on February 22, 2022. Location information obtained from the "infotainment system" of the Acura showed it stopped multiple times around the 5000 block of 1st ST NW. This was also corroborated by surveillance cameras in the area. The location information also showed that the black Acura stopped frequently at a different location in Northeast, Washington, D.C.

On March 1, 2022, the Metropolitan Police Department (MPD) located a dark grey Lexus ES350 near the location in Northeast Washington, DC that the black Acura TLX had frequented. The vehicle was parked in such a way that it appeared whoever had parked it had attempted to obscure any tags. Law enforcement determined that the Lexus had fake tags on it, had also been stolen, and the owner consented to placing a GPS tracking device on the Lexus.

On Sunday, March 6, 2022, at approximately 9:30 a.m. the GPS tracker alerted that the Lexus had moved. FBI physical surveillance tracked the vehicle to the area of 5000 1st ST NW, which is one of the locations the black Acura TLX had frequented. One individual was driving the

3

Lexus. At approximately 11:45 a.m., FBI physical surveillance observed the individual park the Lexus at the intersection of 1st St., NW, and Farragut St., NW. Physical surveillance watched the vehicle until approximately 1:18 p.m. when two individuals departed 5006 1st ST NW and entered the Lexus. The two individuals who entered the Lexus did not appear consistent with the individual who had parked the vehicle earlier. Surveillance footage also captured the movements of the Lexus and the individuals.

Moments after the two individuals entered the Lexus, the Lexus departed the area north on 1st St. NW. FBI agents initiated a traffic stop and the Lexus attempted to flee. FBI agents blocked the intersection of 1st St and Gallatin St NW and the occupants in the Lexus, who were later identified as Stephon Harrigan and Aaron Harrigan, fled on foot. Aaron Harrigan, who had been driving the Lexus, was detained on New Hampshire Avenue. Stephon Harrigan ran south on 1st St NW and entered an alley that led to the parking lot of the Avenue Supermarket located at 5010 New Hampshire Ave, NW. Stephon Harrigan then entered a woman's (V1) vehicle without her consent and physically forced her to drive him away from the area. V1 wrecked into an unmarked MPD cruiser conducting surveillance in the area. Stephon Harrigan again attempted to flee on foot but was detained.

Inside the Lexus, law enforcement found a stack of credit cards and ID's in the driver's door handle which were inconsistent with either Harrigan brother and appeared to be stolen. Additionally, law enforcement recovered several digital devices; various key—including an Acura key; and a dark navy jacket with a white zipper consistent with a jacket worn by one of the suspects in a number of armed robberies.

On March 6, 2022, pursuant to a search warrant, law enforcement searched a residence connected to the Harrigan brothers at 5006 1st ST NW, Washington, D.C. In the living room, where a family member indicated Aaron Harrigan slept, law enforcement recovered a computer and approximately 7 social security cards and 3 ID cards. One of the social security cards corresponded to credit cards and an ID located inside the Lexus. Law enforcement also recovered approximately 12 sets of car keys in the residence. None of the social security cards or IDs appear to belong to any of the occupants of 5006 1st ST NW and some of them are linked to addresses in Maryland. Similarly, the car keys recovered appear to be from various types of vehicles including Mercedes, Acura, Toyota, Honda, and other yet unidentified vehicles.

In a bedroom primarily occupied by a female relative of the Harrigan brothers, law enforcement located men's clothing and shoes and a firearm. A relative on scene indicated that Stephon Harrigan sometimes stayed in that bedroom and the men's clothing and firearm would have been his. A photograph of Stephon Harrigan's girlfriend was also located in the apartment wearing a distinctive yellow "Aeropostale" sweatshirt consistent with a sweatshirt used in a number of armed robberies. Medication and documents with Stephon Harrigan's name on them were also found in the apartment.

The firearm recovered was determined to be a black firearm with a silver ejection port, .40 caliber with no serial number. This firearm appeared to be a Personally Made Firearm (PMF) commonly known as a "ghost gun." At the time it was recovered, it was loaded with 12 rounds in a 13 round magazine and 1 in the chamber. The firearm recovered is consistent with the silver ejection port seen on surveillance video during a number of armed robberies. Furthermore, in at

least one armed robbery, the individual seen on surveillance footage holding the firearm with a silver ejection port has a distinctive hand tattoo consistent with Stephon Harrigan's tattoo.

### B. Weight of the Evidence against the Defendant

The second factor for the Court's consideration, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. When law enforcement attempted to stop the Lexus, Stephon Harrigan fled and forced a woman to drive him away which led to her crashing the vehicle. He still continued to try to flee. In a residence linked to him, law enforcement recovered a firearm, and family confirmed he stayed there sometimes and things in the room were his.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, weigh heavily in favor of his detention. The defendant has a troubling criminal history to include prior felony convictions in the Superior Court for the District of Columbia including Assault on a Police Officer in case 2014-CF2-004133; Unlawful Possession of a Firearm or Ammunition in case 2019-CF2-016092; Carrying a Pistol without a License in case 2012-CF2-001397; and Unauthorized Use of a Vehicle in 2013-CF2-02144. The defendant is still on supervised release for his 2019 firearm offense. In addition, he has other theft and motor vehicle convictions in Maryland and multiple bench warrants and issues on supervision.

The instant matter constitutes at least the defendant's *third* offense involving a firearm and he is under investigation for a number of other charges; and, as such, is potentially facing much higher criminal liability. The defendant's criminal history, history of bench warrants, issues on supervision—including re-offending, and his willingness to take extreme measures to flee from

law enforcement just a few days ago, demonstrate a continued disregard for supervision and the law; show he cannot abide by conditions of release; is a flight risk; and poses a significant danger to the community.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The defendant has a criminal history that is gravely concerning to the Government, including at least two prior offenses involving firearms. The defendant's conduct is extremely concerning to the government and show he is a danger to the community.

Given the above assessment of all four relevant factors, no condition, or combination of conditions, can ensure that the Defendant will comply with court orders, abide by appropriate release conditions, or return to court.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
ACTING UNITED STATES ATTORNEY
D.C. Bar 481052

By:     /s/
RACHEL A. FLETCHER
Assistant United States Attorney
TX Bar No. 24078505
Violent Crime and Narcotics Trafficking Section
555 4th Street, N.W.
Washington, D.C.  20530
Fletcher: (202) 252-7093
Rachel.Fletcher@usdoj.gov
